1
2
3
4           UNITED STATES DISTRICT COURT
5               DISTRICT OF NEVADA
6                     * * *
7   UNITED STATES OF AMERICA,                 Case No. 2:16-CR-141 JCM (GWF)
8                         Plaintiff(s),                    ORDER
9        v.
10  LINO SOUSA,
11                        Defendant(s).
12
13          Presently before the court is defendant Lino Sousa ("defendant")'s motion for early
14  termination of supervised release.  (ECF No. 39).  The government has filed a notice of non-
15  opposition.  (ECF No. 41).
16  **I.    Background**
17          In August 2016, defendant pleaded guilty to one count of being a felon in possession of a
18  firearm pursuant to a plea agreement.  (ECF Nos. 33; 34).  At the sentencing hearing on
19  November 17, 2016, the court imposed a 24-month custodial sentence concurrent to several state
20  charges and three years of supervised release.  (ECF Nos. 74; 75).  Defendant started supervision
21  in January 2021.  (ECF No. 39).
22  **II.   Legal Standard**
23          Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors set forth in
24  18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action
25  is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. §
26  3583(e)(1).  Those factors include, *inter alia*, "the nature and circumstances of the offense and
27  the history and characteristics of the defendant" and "the kinds of sentence and the sentencing
28

**James C. Mahan**
**U.S. District Judge**

1  range established for the applicable category of offense committed by the applicable category of

2  defendant." 18 U.S.C. §§ 3553(a)(1), (4).

3  **III.    Discussion**

4        Defendant argues that his conduct warrants early termination of supervised release.  He

5  discusses his completion of intensive programs while incarcerated, his consistent gainful

6  employment, and his active relationships with his family and children.  (ECF No. 39 at 3).  And

7  while mere compliance with the terms of supervised release is insufficient to warrant early

8  termination, *see United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013), he points

9  out that he has been substantially compliant with all terms of his release.  (*Id.*)  The court credits

10  defendant's progress since his release.

11        The *Guide to Judiciary Policy* creates a presumption in favor of early termination for

12  defendants who have served at least eighteen months of supervised release and meet several

13  other criteria.  Defendant meets each of those criteria: he is not a career offender; he presents no

14  harm to the public; he has no violations over the past year; he demonstrates an ability to lawfully

15  self-manage; he is in full compliance with his terms of supervision; and he has enough prosocial

16  support to remain lawful.  *See* (ECF Nos. 39; 41).  Thus, the court finds that the factors laid out

17  in 18 U.S.C. § 3553(a) support early termination.

18  **IV.    Conclusion**

19        Accordingly,

20        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for

21  early termination (ECF No. 39) be, and the same hereby is, GRANTED.

22        DATED March 3, 2023.

23  

24                     UNITED STATES DISTRICT JUDGE

25  

26  

27  

28  

**James C. Mahan**
**U.S. District Judge**

- 2 -